UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARX COMPANIES, LLC, t/a MARX IMPORTS<br><br>          Plaintiff,<br><br>v.<br><br>WESTERN TRANS LOGISTICS, INC.<br><br>          Defendant. | Civil Action No. 14-751 (JAP)<br><br>**OPINION** |

PISANO, District Judge.

Presently before the Court in this breach of contract action brought by plaintiff Marx Companies, LLC ("Plaintiff" or "Marx") is a motion to dismiss filed by defendant Western Trans Logistics, Inc. ("Defendant" or "Western"). Defendant seeks dismissal of the matter pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons herein, Western's motion is granted.

**I. BACKGROUND**

The following facts are taken from Plaintiff's complaint[1] (unless otherwise specified) and are presumed to be true for the purposes of this motion:

In February 2013, Plaintiff retained and contracted with Western for assistance in arranging transportation of Plaintiff's two truckloads of frozen boneless beef from Long

---

[1] The entirety of the complaint consists of 17 numbered paragraphs.

Beach, California to Kansas City, Missouri. The complaint states the following, *inter alia*, about the alleged contract:

- "In February 2103, plaintiff … contracted with defendant to act as a transportation broker to assist plaintiff in arranging the transportation of plaintiff's goods." Compl. ¶ 5.

- "The plaintiff and defendant contracted for defendant to arrange for the transportation of the goods, and that plaintiff would compensate defendant for its services." Compl.¶ 6.

- In this contract, defendant expressly promised to plaintiff "that it was a responsible third party that had an extensive nationwide network of reliable carriers." Compl. ¶ 14.

The written contract entered into by the parties was a one-page agreement entitled "Credit Application", the terms of which, in their entirety, read as follows:

> Terms- Payment for freight invoices are to be received at remittance address within 21 days of receipt of invoice. All past due accounts may be subject to a service charge of up to one and one-half percent (1.5%) per month or, if less, the maximum rate permitted by applicable law. If the applicant breaches any term of this agreement including the payment of moneys due pursuant to this Agreement, Applicant shall pay all costs incurred by Seller in enforcing the terms of this Agreement including, but not limited to, reasonable attorney's fees, whether or not legal proceedings are commenced. The Applicant hereby acknowledges that Seller is duly licensed as a broker of transportation by motor carrier and is not a motor carrier. The applicant agrees not to offset all or any part of such a claim against any amounts due to Seller without Seller's consent. The Seller agrees to provide excellent communication regarding the timeline and payment status of all claims caused by hauling carriers hired by the Seller. The Seller agrees to negotiate claims against the hauling carrier on behalf of the Applicant, if Applicant so chooses.

> We certify that the information on this form is correct. We fully understand your credit terms and agree to the proper payment in consideration of extended credit.
>
> [dated 2/12/13 and signed by Frank Marx, President]

Defendant's Ex. A.

Western arranged for transportation with Dew-Right Transportation, Inc. ("DRT"), a company with which it had no prior business dealings but which it believed held the appropriate Department of Transportation credentials. Plaintiff released the goods for transport by DRT, but the goods were never delivered. Plaintiff claims that the goods were stolen by DRT.

In its complaint in this action, Plaintiff alleges Defendant breached two "implied" duties[2], namely "a duty that the defendant would act in accordance with the standards of a professional freight brokers [sic]," Compl. at ¶ 12; and "a duty that defendant would retain only competent, honest and reliable motor carriers to transport plaintiff's goods," *id.* at ¶ 13. Plaintiff alleges that Defendant breached an express promise as well, specifically, "that [Defendant] was a responsible third party that had an extensive nationwide network of reliable carriers, *id.* at ¶ 14. Plaintiff contends that Defendant breached these duties/promise "by retaining a carrier about which it had no information" and "by retaining a carrier that was not insured." *Id.* at ¶ 15, 16.

II.  ANALYSIS

Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for the dismissal of a complaint if the plaintiff fails to state a claim

---

[2] On the face of the complaint, it is not entirely clear whether Plaintiff intends these to be breach of contract claims or negligence claims. Defendant has briefed the motion both ways, but Plaintiff refers to these as negligence claims. The Court, therefore, construes them as negligence claims for the purposes of this motion.

3

upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Therefore, in order to withstand a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

      The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To decide if a complaint meets this plausibility standard and therefore, survives a motion to dismiss, the Third Circuit has required a three step analysis: (1) the Court must "outline the elements a plaintiff must plead to ... state a claim for relief"; (2) the Court must identify "those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "where there are well-pleaded factual allegations, [the Court] should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

      Defendant argues that Plaintiff's complaint should be dismissed in its entirety. First, it argues that Plaintiff's negligence claims fail because they are preempted by the Federal

4

Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501. Second, Defendant argues that Plaintiff's breach of contract claim fails because the alleged promise that was breached is not found in the parties' written agreement.

Turning first to the preemption argument, Section 14501 reads in the relevant part as follows:

> a State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier ... or any private motor carrier, **broker** or freight forwarder with respect to the transportation of property.

49 U.S.C. § 14501(c)(1) (emphasis supplied). For purposes of this provision, "[s]tate common law counts as an 'other provision having the force and effect of law.'" *Ameriswiss Technology, LLC v. Midway Line of Illinois, Inc.*, 888 F.Supp.2d 197 (D.N.H. 2012) (quoting *Non Typical, Inc. v. Transglobal Logistics Grp. Inc.*, 2012 WL 1910076, at *2 (E.D. Wis. May 28, 2012) (citing *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 233 n. 8, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 388, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992))). The Supreme Court has held that a state law is "related to" a carrier's rates, routes, or services, and thereby preempted, if the law has a "'connection with or reference to'" a carrier's rates, routes, or services. *Rowe v. New Hampshire Motor Transport Association*, 552 U.S. 364, 370, 128 S.Ct. 989, 169 L.Ed.2d 933 (2008). Further, a state law is preempted even if its effect on rates, routes, or services is "only indirect." *Id.* As to preemption, "it makes no difference whether a state law is 'consistent' or 'inconsistent' with federal regulation. *Id.* The only situations where federal law does not preempt are those where the impact of the state law is "too tenuous, remote, or peripheral" to have "pre-emptive effect." *Rowe*, 552 U.S. 371.

Many other courts, under facts similar to the instant case, have found common law claims against a freight broker preempted by Section 14501. For example, in the recent case of *ASARCO LLC v. England Logistics Inc.*, --- F.Supp.3d ----, 2014 WL 7339069 (D. Ariz. 2014), the plaintiff's shipment of copper anodes being transported from Arizona to Texas failed to arrive at its destination and, ultimately, was never located. Plaintiff brought claims of negligence, among others, against the freight brokers involved with the shipment, asserting that the brokers breached their duties by "hiring … a newly formed carrier that did not have an established history" and by failing to "protect" the shipment and "ensure [its] delivery in good condition." *Id.* at *13. In finding the claims the preempted, the court found that holding the broker liable for negligence "would certainly have more than a tenuous, remote or peripheral effect on rates and services." *Id.* at *15; *see also AIG Europe Ltd. v. General System, Inc.*, 2014 WL 3671566, *4 (D. Md. 2014) (finding §14501 preempts negligence claim against broker who allegedly failed to select a motor carrier with sufficient insurance because "[t]he claim clearly relates to the service provided by a broker.").

Similarly in *Ameriswiss Technology, LLC v. Midway Line of Illinois, Inc.*, 888 F.Supp.2d 197 (D.N.H. 2012), the plaintiff brought a claim for negligence against the broker who arranged for the shipment of machinery that was subsequently destroyed during transport, alleging the broker beached its duty of care by failing to select a trustworthy carrier to transport the machines. That court, citing a number of cases similarly holding, found that § 14501 expressly preempted plaintiff's negligence claims against the broker. *Id.* at 206-07. (citing *Non Typical, Inc. v. Transglobal Logistics Group, Inc.*, 2012 WL 1910076, at *3 (E.D. Wis. May 28, 2012) (judgment on the pleadings entered in favor of broker because the plaintiff's negligence claims were preempted by the § 14501); *Chatelaine Inc. v. Twin Modal,*

*Inc.*, 737 F.Supp.2d 638, 642–43 (N.D. Tex. 2010) (dismissing negligence claims based on express preemption); *Huntington Operating Corp. v. Sybonney Express, Inc.*, 2010 WL 1930087, at *3 (S.D. Tex. May 11, 2010) (entering summary judgment in favor of broker for negligence claims, based on express preemption).

This Court likewise finds that Plaintiff's negligence claims are preempted in the instant case. The claims undoubtedly relate to the service of the broker and, as set forth in the cases cited above, are therefore expressly preempted by § 14501. Consequently, Defendant's motion is granted as to Plaintiff's negligence claims.

The Court turns next to Plaintiff's breach of contract claim. In this motion, Defendant provides a copy of the written agreement between the parties, and argues that Plaintiff's breach of contract claim must be dismissed because the contractual promise that was allegedly violated is not found in the parties' written agreement. The Court agrees that it is not. However, in response to Defendant's assertion, and contrary to the allegation in the complaint that Defendant breached a "specific[] promise[]" in the contract, Compl. ¶ 14, Plaintiff now argues that the promise at issue was "implied" and, in fact, the contractual breach was actually of the implied covenant of good faith and fair dealing. Further, although not appearing anywhere in the complaint, Plaintiff also claims that the allegedly breached promise actually forms the basis of fraudulent inducement and misrepresentation claims.

There are a number of problems with Plaintiff's contentions. First, the complaint does not contain claims for fraudulent inducement and misrepresentation. Nor does it mention the covenant of good faith and fair dealing.[3] Moreover, were those claims in the complaint, they would be preempted as being outside the confines of the express contractual agreement

---

[3] In fact, the complaint distinguishes the breach of contract claim from other claims asserting the breach of "implied" duties allegedly arising from the parties' agreement.

7

between the parties.  *See Yellow Transp., Inc. v. DM Transp. Management Services, Inc.*, 2006 WL 2871745 (E.D. Pa. July 14, 2006) (noting that "the Supreme Court has construed the phrase 'enact or enforce any law' [in § 14501] as prohibiting the enforcement of state laws, statutes, regulations, or policies beyond the confines of the contractual agreement between parties, such as state tort claims, which impose obligations external to the conditions to which the parties voluntarily agreed.") (citing *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 232-233 (1995).  Therefore, the Court finds that Plaintiff has failed to plead a plausible claim, and grants the remainder of Defendant's motion.

III.  CONCLUSION

      For the reasons above, Plaintiff's complaint is dismissed in its entirety.  An appropriate Order accompanies this opinion.


                                                /s/ Joel A. Pisano
                                                JOEL A. PISANO, U.S.D.J.

Date:  January 20, 2015